UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COMERICA BANK,

    Plaintiff,

v.

    Case No. 11-14252

JP MORGAN CHASE BANK, NA,
STATE FARM FIRE AND CASUALTY
COMPANY, BANK OF AMERICA, NA,
COUNTRYWIDE HOME LOANS, INC.,
DIMONT & ASSOCIATES,
A-1 CONSTRUCTION, LLC,
J.L. ADJUSTING AND ASSOCIATES, LLC,
and VANCE LEWIS,

    Honorable Patrick J. Duggan

    Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S MOTION FOR SUMMARY JUDGMENT

On or about August 24, 2011, Comerica Bank ("Comerica") initiated this lawsuit in the Circuit Court for Wayne County, Michigan, against Defendants JP Morgan Chase Bank, NA ("Chase"), State Farm Fire and Casualty Company ("State Farm"), and Bank of America, NA, the successor to Countrywide Home Loans, Inc. ("Countrywide"). Defendants removed Comerica's complaint to federal court on September 27, 2011, on the basis of this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Comerica thereafter filed first and second amended complaints adding as Defendants A-1 Construction, LLC ("A-1 Construction"), Dimont & Associates ("Dimont"), J.L. Adjusting and Associates, LLC ("JL Adjusting"), and Vance Lewis. In its second

amended complaint, Comerica alleges the following claims against Defendants: (I) unjust enrichment; (II) fraudulent, innocent, or negligent misrepresentation and/or silent fraud; and (III) common law and statutory conversion. Against A-1 Construction, Comerica additionally alleges claims of unjust enrichment (Count IV), breach of warranty (Count V), and breach of contract (Count VI). J.L. Adjusting and Vance Lewis also are named in Count IV.

Presently before the Court is State Farm's "Motion for Summary Judgment" filed pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(c), and/or 56(c) on March 2, 2012. The motion has been fully briefed and the Court held a motion hearing on June 7, 2012. For the reasons that follow, the Court grants summary judgment to State Farm.

## I. Applicable Standard

As an initial matter, Comerica responds to State Farm's motion arguing that it is not properly brought as a motion to dismiss as matters outside the pleadings are attached thereto and that it is premature as a motion for summary judgment because discovery has not been conducted. Most of the exhibits attached to State Farm's motion are also attached to Comerica's complaints. Nevertheless, State Farm in fact does rely upon matters outside the pleadings in support of its requested relief. Therefore the Court will treat the motion as one for summary judgment pursuant to Rule 56(c). *See* Fed. R. Civ. P. 12(d) (indicating that where matters outside the pleadings are presented in support of a motion under Rule 12(b)(6) or 12(c), "the motion must be treated as one for summary judgment under Rule 56.") As State Farm alternatively filed its motion as one for

summary judgment under Rule 56(c), Comerica already has notice that the motion will be evaluated according to the summary judgment standard.

Comerica nevertheless argues that a Rule 56 motion should not be presented and/or decided before discovery has been conducted. Rule 56, however, allows for the filing of summary judgment motions "at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). The rule specifically sets forth ways to handle motions filed before discovery and/or where the non-movant believes it needs discovery to respond to the motion:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

Comerica fails to present an affidavit or declaration that it cannot present facts essential to justify its opposition. The only fact Comerica identifies in its response brief as having not been discovered and essential to its claims against State Farm is the identity of the party that received the proceeds of the second check Comerica issued.[1] State Farm

---

[1] At the motion hearing, Comerica also stated that it has not discovered whether Countrywide's endorsement was in fact forged. For the reasons discussed in this Opinion and Order, however, a determination of this fact is not material to whether State Farm is entitled to summary judgment. Comerica's counsel acknowledged, however, that if it is
(continued...)

provides the evidence to answer that question in its reply brief: the mortgage company (Countrywide, now succeeded by Bank of America) received the second check and applied it to the mortgage loan. (State Farm's Reply Ex. 1.) Therefore, the Court will evaluate State Farm's motion as an appropriately filed motion for summary judgment pursuant to Rule 56.

Summary judgment pursuant to Rule 56 is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986). After adequate time for discovery and upon motion, Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

The movant has an initial burden of showing "the absence of a genuine issue of material fact." *Id.* at 323, 106 S. Ct. at 2553. Once the movant meets this burden, the "nonmoving party must come forward with 'specific facts showing that there is a genuine

---

[1](...continued)
determined through discovery that Countrywide's endorsement was forged, Comerica has no cause of action against State Farm (and perhaps the remaining defendants).

issue for trial.'" *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986) (quoting Fed. R. Civ. P. 56(e)). To demonstrate a genuine issue, the nonmoving party must present sufficient evidence upon which a jury could reasonably find for that party; a "scintilla of evidence" is insufficient. *See Liberty Lobby*, 477 U.S. at 252, 106 S. Ct. at 2512. The court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *See id.* at 255, 106 S. Ct. at 2513.

## II.   Factual Background

This lawsuit arises from a claim made by Vance Lewis (hereafter "Mr. Lewis") for damage to his property when the property was "fire bombed." The property was insured under a rental dwelling policy issued by State Farm. Countrywide held a mortgage to the property, securing a loan to Mr. Lewis on which there was an outstanding balance at the time of the fire of $87,342.68.

On September 16, 2008, State Farm paid $102,150.53 by check for the damages sustained to the dwelling. The check was payable to Mr. Lewis, JL Adjusting (Mr. Lewis' public insurance adjuster), A-1 Construction (Mr. Lewis' contractor), and Countrywide. (State Farm's Mot. Ex. A.) The check was cashed by Comerica, which then submitted it to Chase (State Farm's bank) for payment.

On September 11, 2009, Dimont (a mortgage servicing company) contacted State Farm on behalf of Bank of America (which by then had succeeded Countrywide). Bank of America requested a copy of the check that was issued the previous year, which State

Farm provided.  The back of the check reflects endorsements for each payee.  (*Id.*) Dimont thereafter informed State Farm that Countrywide's endorsement on the check was not genuine and that Countrywide never received the check or the funds it was entitled to receive.

Dimont completed an "Affidavit of Unauthorized Endorsement or Altered Item" at State Farm's request, indicating that an endorsement was "missing."  (State Farm's Mot. Ex. B.)  Dimont submitted the affidavit to State Farm, which forwarded the affidavit to its bank, Chase.  Chase then submitted the affidavit to Comerica, as the bank that cashed the check.  On September 10, 2010, State Farm sent a letter to Chase (which also was forwarded to Comerica), indicating that Bank of America was entitled to $87,342.68 of the $102,120.53 check, based on the amount of the outstanding mortgage at the time of the fire.  (*Id.* Ex. E.)

Upon receipt of the documents, Comerica's Fraud Department started an investigation of the claim, referred to as a "Return Without Entry" claim.  A Comerica investigator, Latishia D. Easley ("Ms. Easley"), contacted Deone Larkins ("Mr. Larkins"), A-1 Construction's owner who deposited the check, to determine if the repair work on Mr. Vance's dwelling had been completed.  Mr. Larkins indicated that it had. (Comerica's Resp. Ex. 3 ¶ 6.)  Ms. Easley also contacted State Farm representative Jennifer Baker ("Ms. Baker"), who signed the letter sent to Chase regarding the amount owed Bank of America.  (*Id.* ¶ 7.)  When asked if the repair work to the dwelling had been completed, Ms. Baker indicated that it had and that the contractor may be entitled to

additional funds. (*Id*.) Based on her investigation, Ms. Easley concluded that "it did not appear that any fraudulent activity had taken place and that no funds would be sent to Chase on the Claim. (*Id*. ¶ 8.) She recommended that the claim be denied. (*Id*.)

Nevertheless, while the investigation was being conducted, Comerica's "Return Without Entry Department" released a check for $87,342.68 to Chase. Comerica thereafter contacted Chase to request a return on the check, but this was not done. State Farm sent the check to Bank of America, which deposited the check and received the funds. (State Farm's Reply Ex. A.)

## III.  Applicable Law and Analysis

### A.  Unjust Enrichment

A plaintiff alleging unjust enrichment under Michigan law must show "'(1) receipt of a benefit by the defendant from the plaintiff and (2) an inequity resulting to plaintiff because of the retention of the benefit by the defendant.'" *Erickson's Flooring & Supply Co. v. Tembec, Inc.*, 212 F. App'x 558, 564 (6th Cir. 2007) (quoting *Barber v. SMH (US), Inc.*, 202 Mich. App. 366, 375, 509 N.W.2d 791, 796 (Mich. Ct. App.1993)). State Farm argues that it did not receive a benefit from Comerica, as the proceeds of the second check went to Bank of America. In response, Comerica only asserts that it is unclear from the record-- or at least that it was when it filed its pleading-- where the funds currently reside. State Farm presents evidence in reply, however, that Bank of America received the funds. Thus Comerica cannot demonstrate its unjust enrichment claim against State Farm.

### B. Fraudulent Misrepresentation, Innocent Misrepresentation, Negligent Misrepresentation and/or Silent Fraud

In its Second Amended Complaint, Comerica alleges in support of this claim:

> Defendants knew or had reason to know the representations made in the Affidavit, regarding the alleged missing endorsement, the State Farm letter and the Claim from Chase, regarding entitlement to a portion of the Check, were false when made to Plaintiff or made . . . recklessly without knowledge of their truth.

(2nd Am. Compl. ¶ 30.) Comerica further alleges that "Defendants obtained money from Comerica through the material misrepresentations . . . ." (*Id*. ¶ 32.) State Farm seeks summary judgment, arguing that it never misrepresented or concealed any fact to Comerica.

There are two "misrepresentations" alleged by Comerica in its complaint: (1) the affidavit indicating that there was a "missing" endorsement and (2) the claim letter stating that Countrywide was entitled to a particular percentage of the proceeds paid based on the outstanding balance on the mortgage loan. There is nothing false in State Farm's claim letter. The affidavit, while perhaps incorrect in stating that an endorsement was missing rather than forged, was completed by Dimont and not State Farm. State Farm was not in any better position than Comerica to know that an endorsement was not missing and/or that Countrywide's endorsement was not genuine. State Farm simply provided information to Comerica for the bank to use in conducting its own investigation as to whether it negotiated a forged check.

In response to State Farm's motion, Comerica also asserts that State Farm

8

confirmed that the fire repair work had been completed by A-1 Construction and now claims that it was not completed. (Comerica's Resp. Br. at 8.) Comerica claims that State Farm "communicated inaccurate information that was relied upon by Comerica." (*Id.*) It is not clear how this alleged misrepresentation was relied upon by Comerica to its detriment. Relying on the representation that the repair work had been done (which presumably is the asserted false representation), Comerica's investigator concluded that a second check should *not* be issued. Thus Comerica was not harmed based on this allegedly false representation.

Comerica also asserts in its response brief and similarly argued at the motion hearing that "State Farm was aware of or should have been aware that there was a dispute regarding entitlement to the funds [issued in the second check] and it should have, at a minimum, held the funds in its Chase account pending a determination of which party is entitled to the funds." (Comerica's Resp. Br. at 2.) Elsewhere Comerica asserts that "State Farm should have questioned the refund because of the ongoing discussion and investigation between Comerica and State Farm and that State Farm should have held the funds in its account." (*Id.* at 6.) The Court is unclear, however, how these allegations support Comerica's misrepresentation claims– or, in fact, any of the claims alleged in its Complaint.

In short, Comerica fails to show a misrepresentation by State Farm that Comerica reasonably relied upon in deciding to issue the second check.

C.  **Conversion**

"[C]onversion is any distinct act of dominion wrongfully exerted over another person's personal property." *Pamar Enters., Inc. v. Huntington Banks*, 228 Mich. App. 727, 734, 580 N.W.2d 11, 15 (Mich. Ct. App.1998) (citing *Trail Clinic, P.C. v. Bloch*, 114 Mich. App. 700, 705, 319 N.W.2d 638, 640 (Mich. Ct. App.1982)). State Farm argues that it is entitled to summary judgment with respect to Comerica's conversion claim because it "is not in possession of any funds that even arguably belong to [Comerica]." (State Farm's Br. in Supp. of Mot. at 14.) Comerica's only response, as with its unjust enrichment claim, is that there is no proof in the record that State Farm is not still in possession of the funds released by Comerica. There now is such proof, however. Bank of America provides that it deposited the second check and received the funds. (State Farm's Reply Ex. A.) Therefore Comerica's conversion claim fails.

### IV. Conclusion

For the above reasons, the Court finds that the undisputed facts establish State Farm's entitlement to summary judgment on Comerica's claims against it. In response to State Farm's motion, Comerica neither raises a dispute regarding any material fact nor identifies a fact for which further discovery is needed.

Accordingly,

**IT IS ORDERED** that State Farm's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 is **GRANTED**.

Dated: June 18, 2012          s/PATRICK J. DUGGAN
                                                  UNITED STATES DISTRICT JUDGE

Copies to:
Timothy W. Ferrel, Esq.
Alvin L. Keel, Esq.
Cary R. Berlin, Esq.
Cassie M. Ponder, Esq.
Gary J. Galopin, Esq.
Jonathan L. Engman, Esq.
Scott R. Murphy, Esq.