UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COMERICA BANK,

    Plaintiff,

v.

JP MORGAN CHASE BANK, NA,
STATE FARM FIRE AND CASUALTY
COMPANY, BANK OF AMERICA, NA,
COUNTRYWIDE HOME LOANS, INC.,
DIMONT & ASSOCIATES,
A-1 CONSTRUCTION, LLC,
J.L. ADJUSTING AND ASSOCIATES, LLC,
and VANCE LEWIS,

    Defendants.
_____/

Case No. 11-14252

Honorable Patrick J. Duggan

## OPINION AND ORDER GRANTING MOTION TO SET ASIDE DEFAULT OF JL ADJUSTING AND ASSOCIATES, LLC

This matter presently is before the Court on Defendant JL Adjusting and Associates, LLC's motion to set aside a Clerk's Entry of Default, filed pursuant to Federal Rule of Civil Procedure 55 on February 28, 2013. Plaintiff Comerica Bank ("Comerica") has filed a response to the motion. For the reasons that follow, the Court grants the motion.

**Procedural Background**

On or about August 24, 2011, Comerica initiated this lawsuit in Wayne County Circuit Court against Defendants JP Morgan Chase Bank, NA, State Farm Fire and Casualty Company, and Bank of America, NA, as successor of Countrywide Home

Loans, Inc.[1] Defendants removed the complaint to federal court on September 27, 2011. Comerica filed a first amended complaint on November 14, 2011, adding as defendants A-1 Construction, LLC, Dimont & Associates, JL Adjusting and Associates, LLC ("JL Adjusting"), and Vance Lewis. On November 22, 2011, attorney Cassie M. Ponder entered her appearance on behalf of JL Adjusting. Comerica filed a second amended complaint on January 19, 2012, and JL Adjusting filed its Answer to that complaint on February 10, 2012.

On July 23, 2012, Attorney Ponder filed a motion to withdrawal as counsel for JL Adjusting, which this Court referred to Magistrate Judge Michael Hluchaniuk. Magistrate Judge Hluchaniuk conducted a telephonic hearing with respect to the motion on September 21, 2012, at which time he granted the motion. On October 1, 2012, Magistrate Judge Hluchaniuk issued an order memorializing his oral ruling and directing JL Adjusting to retain new counsel within thirty days of the date of the hearing (i.e., by October 22, 2012).

On January 14, 2013, this Court held a scheduling conference in this matter. By that date, no attorney had entered an appearance on behalf of JL Adjusting. For that reason, on February 15, 2013, Comerica requested a clerk's entry of default for JL Adjusting. A default was entered the same date. (ECF No. 117.) Also on February 15,

---

[1] JP Morgan Chase was dismissed without prejudice on November 17, 2011. On June 18, 2012, the Court granted summary judgment to State Farm with respect to Comerica's claims against it. State Farm remained in the action as it had filed a third-party complaint and cross-complaint on October 7, 2011; however, those counter- and cross-claims were dismissed by stipulation on February 21, 2013. Thus State Farm no longer is a party to this action.

however, attorney Allen J. Counard entered his appearance on the company's behalf. (ECF No. 118.)

On February 28, 2013, JL Adjusting filed the present motion to set aside the Clerk's Entry of Default. In its motion, JL Adjusting indicates that it had difficulty finding new counsel by the magistrate judge's deadline due to the apparent complexity of the case. JL Adjusting also sets forth its defense to Comerica's action and, in support of that defense, provides the affidavit of Jamal Lamb, one of its adjusters and its founder's son.

## Applicable Law and Analysis

Federal Rule of Civil Procedure 55(c) provides that a court may set aside an entry of default for "good cause." In determining whether "good cause" exists, courts consider whether: (1) the plaintiff will be prejudiced; (2) the defendant has a meritorious defense; and (3) culpable conduct of the defendant led to the default. *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 324 (6th Cir. 2010) (citing *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)).

The Sixth Circuit Court of Appeals has instructed district courts to employ a "lenient standard" when evaluating a request to set aside a default that has not yet ripened into a judgment. *See Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986). The court advised that "when the first two factors militate in favor of setting aside the entry, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead." *Id.* at 194. Moreover, because federal courts favor trials on the merits, doubts

should be resolved in favor of setting aside a default.  *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 846 (6th Cir. 1983).  Applying this standard, the Court finds good cause to set aside the default entered against JL Adjusting.

First, in its response to JL Adjusting's motion, Comerica does not claim that it will suffer any prejudice if the default is set aside.  The Court is not inclined to find prejudice, particularly where the scheduling order was entered only a month before JL Adjusting's new counsel entered his appearance and sufficient time remained before the expiration of the first deadline (discovery).  Second, JL Adjusting has set forth a meritorious defense to Comerica's claims.

Because the first and second factors weigh in favor of setting aside the default, it would be an abuse of this Court's discretion to deny JL Adjusting relief unless it wilfully failed to appear and plead.  For a defendant's conduct to be deemed culpable for the default, it must reflect "an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on judicial proceedings."  *$22,050 U.S. Currency*, 595 F.3d at 327 (internal quotation marks and citation omitted).  Here, JL Adjusting responded to Comerica's complaint and only found itself in default due to its attorney's withdrawal and the difficulty it encountered finding a new attorney within the allotted thirty days.  Thus the Court does not find JL Adjusting culpable for the default.  The Court therefore concludes that the entry of default should be set aside.

Accordingly,

**IT IS ORDERED**, that Defendant JL Adjusting and Associates, LLC's motion to

set aside the Clerk Entry of Default is **GRANTED**.

Dated:April 19, 2013                                s/PATRICK J. DUGGAN
                                                                    UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record